UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK JONES, SR., | 1: 04 CV F- 5802 OWW DLB P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RE PLAINTIFF'S MOTION FOR LEGAL RESEARCH MATERIAL CONSTRUED AS A MOTION FOR INJUNCTIVE RELIEF |
| v. | |
| JOLENE VENTO, et al., | |
| Defendants. | [DOC 21] |

Plaintiff is a state prisoner proceeding pro per and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983.  Pending before the Court is Plaintiff's Motion for Court Enforced Access to Legal Research Materials or Assistance from Persons Trained in the Law, filed February 23, 2005.  The Court construes this motion as a request for injunctive relief.

In his motion, Plaintiff states that he and other inmates are being denied law library access. He contends that the denial of access is affecting his ability to comply with Court orders in cases he has pending in this Court.  He requests a court order directing the institution to allow him three (3) hours of law library time each week.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions

until the merits of the action are ultimately determined.  <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor."  <u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury."  <u>Id</u>.  Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits."  <u>Id</u>.  At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."  <u>Id</u>.

With respect to law library access and photocopies, a preliminary injunction does not serve the purpose of ensuring that plaintiff is able to litigate this action effectively or efficiently.  A federal court is a court of limited jurisdiction.  Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before it for consideration a "case" or "controversy."  <u>Flast v. Cohen</u>, 392 U.S. 83, 88 (1968).  If the court does not have a "case" or "controversy" before it, it has no power to hear the matter in question.  <u>Rivera v. Freeman</u>, 469 F. 2d 1159, 1162-63 (9th Cir. 1972).  "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*."  <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).  Finally, the type of relief sought in any request for a preliminary injunction must bear some relationship to the type of harm alleged in the action.

On January 26, 2005, the Court dismissed Plaintiff's Amended Complaint for failure to state a cognizable claim and granted Plaintiff lave to file a second amended complaint.  Plaintiff filed a Second Amended Compliant on March 1, 2005, which the Court has not yet screened pursuant to 28 U.S.C. § 1915A.  Plaintiff is not entitled to preliminary injunctive relief until such time as the court finds that his complaint contains cognizable claims for relief against the named defendants <u>and</u> the named defendants have been served with the summons and complaint.  At this juncture, plaintiff's motion for preliminary injunctive relief is premature.  Plaintiff may file another motion for preliminary injunctive relief at a later stage.  Plaintiff is cautioned to any further motions for

preliminary injunctive relief that are filed before defendants are served with process in this case will be denied as premature. The Court also notes that despite Plaintiff's allegations, he has been able to meet all Court deadlines in the present case.

Based on the foregoing, the court HEREBY RECOMMENDS that Plaintiff's Motion for Access to Legal Research material construed as a motion for preliminary injunctive relief, filed on February 23, 2005, be denied, without prejudice, as premature.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (20) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 13, 2005**             /s/ Dennis L. Beck
3b142a                              UNITED STATES MAGISTRATE JUDGE