1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11

12  FREDERICK JONES, SR.,                )          CV F- 04-5802 OWW DLB P
                                         )
13              Plaintiff,               )          FINDINGS AND
                                         )          RECOMMENDATION RE
14      v.                               )          DISMISSAL OF ACTION FOR
                                         )          FAILURE TO STATE A CLAIM
15  JOLENE VENTO, et al.,                )
                                         )
16              Defendants.              )
                                         )
17  _____

18

19          Plaintiff is a prisoner proceeding pro se and in forma pauperis with a civil rights action

20  pursuant to 42 U.S.C. section 1983.  Pending before the Court is plaintiff's second amended

21  complaint filed March 1, 2005.

22                          **BACKGROUND**

23          The Court is required to screen complaints brought by prisoners seeking relief against a

24  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

26  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

27  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28

28  U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend

1  may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

2  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

3          In the instant case, plaintiff brings action against Jolene Vento, Commander of the Kings

4  County Sheriff's Department.  Like his original complaint, plaintiff's allegations are vague and

5  difficult to follow.

6          Plaintiff alleges that he has been deprived of access to the courts by virtue of defendant's

7  policies which restrict and prevent him from having any assistance at the law library.  He alleges that

8  there is no person trained at the Kings County Jail's law library to assist pro per defendants.  Plaintiff

9  alleges that defendant has failed to implement a "pro per policy" for those who chose to represent

10  themselves (such as plaintiff).

11          Plaintiff also makes general and conclusory statements that he has been "racially

12  discriminated against" and "denied care for serious medical needs."  He provides no factual basis for

13  these statements.  Plaintiff seeks monetary and injunctive relief.

14                                              **DISCUSSION**

15          The Civil Rights Act under which this action was filed provides:

16                  Every person who, under color of [state law]    . . . subjects, or causes
                    to be subjected, any citizen of the United States. . . to the deprivation
17                  of any rights, privileges, or immunities secured by the Constitution. . .
                    shall be liable to the party injured in an action at law, suit in equity, or
18                  other proper proceeding for redress. 42 U.S.C. § 1983.

19  The statute plainly requires that there be an actual connection or link between the actions of the

20  defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.  Department

21  of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit

22  has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the

23  meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or

24  omits to perform an act which he is legally required to do that causes the deprivation of which

25  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

26          A.      Access to Courts

27          Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518

28

1  U.S. 343, 346 (1996). The right of access is merely the right to bring to court a grievance the inmate

2  wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions.

3  Id. at 354. The State is not required to enable the inmate to discover grievances or to litigate

4  effectively once in court. Id.

5  Inmates do not have the right to a law library or legal assistance. Id. at 351. Law libraries

6  and legal assistance programs are only the means of ensuring access to the courts. Id. Because

7  inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate

8  cannot establish relevant actual injury by establishing that his prison's law library or legal assistance

9  program is subpar in some theoretical sense." Id. Rather, an inmate claiming interference with or

10  denial of access to the courts must show that he suffered an actual injury. Id.

11  Although plaintiff makes the general allegation that defendant has jeopardized his rights, he

12  has alleged no facts that demonstrate that he has suffered an actual injury. Rather, plaintiff "must go

13  one step further and demonstrate that the library or legal assistance program hindered his efforts to

14  pursue a legal claim." Id. The actual-injury requirement mandates that an inmate "demonstrate that

15  a nonfrivolous legal claim had been frustrated or was being impeded." Id. at 353. Accordingly,

16  plaintiff has failed to state a cognizable claim for relief under section 1983.

17  B.   Discrimination and Medical Care.

18  Plaintiff makes general statements with no factual basis regarding discrimination and denial

19  of medical care. These general statements fail to state cognizable claims for relief under section

20  1983.

21  1.   Equal Protection

22  Equal protection claims arise when a charge is made that similarly situated individuals are

23  treated differently without a rational relationship to a legitimate state purpose. See San Antonio

24  School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a

25  violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that

26  defendants acted with intentional discrimination against plaintiff or against a class of inmates which

27  included plaintiff. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection

28

1   claims may be brought by a "class of one"); <u>Reese v. Jefferson Sch. Dist. No. 14J</u>, 208 F.3d 736, 740

2   (9th Cir. 2000); <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998); <u>Federal Deposit Ins.</u>

3   <u>Corp. v. Henderson</u>, 940 F.2d 465, 471 (9th Cir. 1991); <u>Lowe v. City of Monrovia</u>, 775 F.2d 998,

4   1010 (9th Cir. 1985).  "A plaintiff must allege facts, not simply conclusions, that show that an

5   individual was personally involved in the deprivation of his civil rights."  <u>Barren</u>, 152 F.3d at 1194.

6       Plaintiff has failed to state sufficient facts to state a claim under these standards.  He has not

7   alleged that he has been treated differently than other inmates in the facility nor has he described any

8   conduct on the part of defendant Vento, the only defendant, which could be could be viewed as

9   discriminatory.

10      2.    Medical Care

11      A prisoner's claim of inadequate medical care does not constitute cruel and unusual

12  punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical

13  needs."  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves

14  an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms,

15  "sufficiently serious."  <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994) (citing <u>Wilson v. Seiter</u>, 501

16  U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of

17  mind," which entails more than mere negligence, but less than conduct undertaken for the very

18  purpose of causing harm.  <u>Farmer v. Brennan</u>, 511 U.S. at 837.  A prison official does not act in a

19  deliberately indifferent manner unless the official "knows of and disregards an excessive risk to

20  inmate health or safety."  <u>Id</u>.

21      In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's

22  civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere

23  'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."

24  <u>Broughton v. Cutter Laboratories</u>, 622 F.2d 458, 460 (9th Cir. 1980), <u>citing</u> <u>Estelle</u>, 429 U.S. at

25  105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical

26  condition does not state a valid claim of medical mistreatment under the Eighth Amendment.

27  Medical malpractice does not become a constitutional violation merely because the victim is a

28

prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Deliberate indifference can be manifested by prison guards intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.  Estelle v. Gamble, 429 U.S. at 104-05.  However, where a prisoner alleges a delay in receiving medical treatment, the prisoner must allege that the delay led to further injury.  McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997); Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

Although neither a physician's negligence nor a prisoner's disagreement with a particular course of treatment states a claim for deliberate indifference, a prison medical staff's acts or omissions will constitute deliberate indifference if staff members knew of and disregarded an excessive risk to an inmate's health.  Farmer v. Brennan, 511 U.S. at 837.  Prison officials are deliberately indifferent to a prisoner's serious medical needs when they "interfere with treatment once prescribed."  Estelle v. Gamble, 429 U.S. at 104-05.  The Ninth Circuit has found deliberate indifference where prison officials "deliberately ignore the express orders of a prisoner's prior physician for reasons unrelated to the medical needs of the prisoner."  Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992) (reversing summary judgment where prison officials forced prisoner to endure a plane flight that resulted in ear injury, in direct contravention of a treating physician's previous orders); Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989) (per curium) (reversing summary judgment where medical staff knew that pretrial detainee had head injury, but prescribed contraindicated medications, disregarding evidence of complications to which they had

1   been specifically alerted by private treating physician); Tolbert v. Eyman, 434 F.2d 625 (9th Cir.

2   1970) (finding cognizable claim for deliberate indifference where warden refused to authorize

3   prisoner's receipt of medicine that had been previously prescribed by a physician); Cf. McGuckin v.

4   Smith, 974 F.2d 1050, 1062 (9th Cir. 1992) (where surgery recommended by prisoner's prior

5   physician was severely delayed, court was unable hold doctors liable because prison administrators,

6   not the doctors, were responsible for scheduling treatment).

7       The Courts of other federal Circuits have also found deliberate indifference where prison

8   officials ignore a previous physician's treatment plan.  White v. Napoleon, 897 F.2d 103 (3rd Cir.

9   1990) (finding cognizable claim for deliberate indifference where prison officials ignored private

10  hospital's treatment orders and refused inmate's access to prescribed medication); Gill v. Mooney,

11  824 F.2d 192 (2nd Cir. 1987) (finding cognizable claim where prison officials refused to permit

12  plaintiff to participate in exercise program prescribed by doctor); Eades v. Thompson, 823 F.2d 1055

13  (7th Cir. 1987) (finding cognizable claim where prisoner alleged that prison officials made him

14  travel and carry a heavy box, causing a surgical incision to gape open, in violation of prior medical

15  orders); Martinez v. Mancusi, 443 F.2d 921 (2nd Cir. 1970), cert. denied 401 U.S. 983, cited with

16  approval by Estelle v. Gamble, 429 U.S. at 105 n.10 (finding deliberate indifference where prison

17  staff forced post-surgical prisoner-patient to walk, ignoring warnings from hospital personnel that

18  inmate should not be moved); see also Carl T. Drechsler, Annotation, Relief Under Federal Civil

19  Rights Acts to State Prisoners Complaining of Denial of Medical Care, 28 A.L.R. Fed. 279 (1976)

20  (recognizing that, on the whole, courts do not condone the practice of prison officials ignoring orders

21  rendered by a prisoner's previous physician).

22      Like the Equal Protection Claim, plaintiff has failed to allege conduct on the part of the

23  named defendant that could be characterized as deliberate indifference to a serious medical need.

24  Plaintiff states that the "medical staff" prescribed "certain medical treatment" but he was not

25  authorized for movement for treatment purposes.  He makes general allegations about the denial of

26  medical care and the abuse of discretion but he fails to link any specific conduct to defendant Vento.

27  His allegations regarding medical care are vague and conclusory and fail to state a claim under

28

1   section 1983.

2                                           **CONCLUSION**

3          The court finds that plaintiff's allegations do not give rise to any cognizable claims for relief

4   against the named defendant.  Plaintiff was advised of the deficiencies discussed herein and given

5   the opportunity to cure them in a second amended complaint.  Plaintiff has failed to do so and

6   therefore the Court recommends that his complaint be dismissed without leave to amend, concluding

7   this action in its entirety.

8          IT IS SO ORDERED.

9   **Dated:   September 7, 2005**                    **/s/ Dennis L. Beck**
    3b142a                                    UNITED STATES MAGISTRATE JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28